# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE
SUITE 3W8
LAKE SUCCESS, NY 11042**

TELEPHONE (516) 328-8899
FACSIMILE (516) 328-0082



MEMO ENDORSED

February 13, 2020

**Via ECF, Courtesy Copy via Hand Delivery**
Hon. Lewis A. Kaplan, U.S.D.J.
U.S. District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED 2-18-2020
```

**RE: Dylan 140 LLC v. Hector J. Figueroa, et. al.
Docket No.: 19-cv-2897
MLLG No.: 15-2019**

Dear Judge Kaplan:

This firm represents Plaintiff Dylan 140 LLC ("Dylan"), in the above-referenced matter. On January 7, 2020, the Court affirmed the November 8, 2019 Report and Recommendation by Magistrate Judge Freeman, which granted the motion to dismiss and compel arbitration by Defendants Local 32BJ Funds ("Funds"). On February 5, 2020, Dylan filed a Notice of Appeal from the Court's January 7, 2020 Order. An arbitration between the parties has now been scheduled for March 19, 2020 at the Office of the Contract Arbitrator ("OCA"). For the reasons set forth below, Dylan respectfully requests that pursuant to Rule 62(d) of the Federal Rules of Civil Procedure, the Court issue a stay of the arbitration pending Dylan's appeal to the Second Circuit Court of Appeals of the Court's January 7, 2020 Order granting the Funds' motion to dismiss and compel arbitration.

Courts consider the following factors when deciding a motion for a stay: (1) whether the moving party makes a strong showing that it is likely to succeed on the merits on appeal; (2) whether the moving party will be irreparably harmed without a stay; (3) whether a stay will substantially injure the non-moving party; and (4) where the public interest lies. Nken v. Holder, 556 U.S. 418, 432-433 (2009). See, e.g., Cuyahoga Wrecking Corp. v. Laborers International Union, Local 210, 1986 U.S. Dist. LEXIS 17954 (W.D.N.Y. Nov. 7, 1986) (granting stay of arbitration pending appeal); Greenidge v. Allstate Ins. Co., 2003 U.S. Dist. LEXIS 21733 (S.D.N.Y. Dec. 3, 2003) (granting stay pending appeal); Mazera v. Varsity Ford Svcs, LLC, 2008 U.S. Dist. LEXIS 42392 (E.D. Mich. May 29, 2008) (granting stay of arbitration pending appeal).

"A stay is not a matter of right, even if irreparable injury might otherwise result. It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." Nken, 556 U.S. at 433 (internal quotation marks and citation omitted). The four factors are not rigidly applied; instead, "the degree to which a factor must be present varies with the strength of the other factors, meaning that more of one [factor] excuses less

of the other." McCue v. City of N.Y.(In re World Trade Ctr. Disaster Site Litig.), 503 F.3d 167, 170 (2d Cir. 2007) (internal quotation marks omitted).

### A. Dylan is likely to succeed on the merits on appeal

First, the plain language of the Collective Bargaining Agreement ("CBA") does not require Dylan and the Funds to arbitrate this dispute. Magistrate Judge Freeman erroneously found that Articles VI and X of the Collective Bargaining Agreement ("CBA") requires Dylan to arbitrate as the "sole and exclusive" method for resolving the payment dispute at issue with the Funds. However, the Court's error lay in applying Article VI which only applies to disputes between Dylan and the Union (not the Funds). In fact, the CBA contains no restriction on Dylan bringing a dispute it has with the Funds in court and the CBA is actually silent as to what an employer can do vis-a-vis the Funds. Magistrate Judge Freeman incorrectly held the CBA to mean that Dylan gave up its right to initiate a lawsuit against the Funds.

Second, to the extent that the language of the CBA is deemed not clear and unambiguous, then in order to properly interpret the CBA, the Court would have to consider reasoning and extrinsic evidence, with any ambiguities construed against the Union, who drafted the CBA. In fact, Magistrate Judge Freeman's statement that Article VI, contains an "implicit reference" (as opposed to explicit) to Article X, Section F(1), should be understood to mean that the arbitration provision is not clear and unambiguous, but rather subject to more than one (1) meaning or interpretation. As such, since discovery is needed, Magistrate Judge Freeman should have denied the motion to dismiss as premature.

Finally, Magistrate Judge Freeman erroneously construed Dylan's argument that it had commenced the instant action for a declaratory judgment prior to the Funds' initiation of arbitration proceedings. Dylan argued that based on the "first-filed rule", since it had filed the instant action prior to the Funds' commencement of arbitration proceedings, the instant action has priority over arbitration.

Based on the above, Dylan has a strong likelihood of success on the Second Circuit's review, which therefore supports a stay of the arbitration pending the appeal.

### B. Dylan will be irreparably harmed without a stay

Irreparable harm will result to Dylan without a stay. "Being forced to arbitrate a claim one did not agree to arbitrate constitutes an irreparable harm for which there is no adequate remedy at law." UBS Sec. LLC v. Voegeli, 405 Fed. Appx. 550 (2d Cir. 2011). If the arbitration is not stayed, Dylan will be required to proceed simultaneously in two (2) different venues, by participating in the arbitration while pursuing its appeal. This not only creates the potential of waste of resources and litigation efficiencies, but it also compromises Dylan's right to appeal. See, e.g., Cuyahoga, 1986 U.S. Dist. LEXIS 17954 at *1 (granting motion to stay enforcement of an order compelling arbitration pending appeal, finding "a denial of the plaintiffs' motion [to stay] would render meaningless their right to appeal"). Clearly, it would be a great waste of the parties' (and arbitrator's) resources if the arbitration proceeds but the Second Circuit eventually determines that arbitration is not warranted. Moreover, if Dylan is forced to arbitrate and loses but then prevails on its appeal, Dylan would be compelled to seek to vacate the arbitration award, which would be needlessly and inevitably complicated. This can only be avoided if the Court grants a

2

stay now, in order to enable the orderly review by the Second Circuit of the Court's order compelling arbitration.

### C. The Funds will not be substantially injured by a stay

The Funds cannot plausibly claim significant harm from waiting until Dylan's appeal is determined before pursuing arbitration. See, e.g., Cuyahoga, 1986 U.S. Dist. LEXIS 17954 at *1 (granting stay where, among other things, the defendant would not be significantly prejudiced). The only "hardship" that the Funds will suffer if the Court grants a stay pending appeal is that they will have to wait an additional period of time to arbitrate their claim while the Second Circuit adjudicates Dylan's appeal. It should be noted that the Funds' Pension Fund has $2.4 billion in assets. The Funds can hardly be crying poverty over a stay of arbitration over a $100,000.00 claim.

### D. The public interest requires a stay

To the extent that resolution of a private contract dispute impacts the public interest at all, the public interest favors a stay of arbitration. If the Court does not issue a stay, Dylan will be forced to arbitrate even though it may be determined by the Second Circuit that Dylan never agreed to arbitrate this dispute. It is in the public interest to uphold parties' contracts. See Mazera, 2008 U.S. Dist. LEXIS 42392 at *5 (granting stay of arbitration pending appeal, finding that "[t]he public interest is best served by expedient litigation that does not unnecessarily exhaust resources"). Moreover, expending resources pursuing an arbitration that may become voided or vacated runs counter to this public interest.

On consideration of all the factors, the balance of equities tips decidedly in favor of the requested stay.

As such, Dylan respectfully requests that the Court issue a stay of the arbitration at OCA pending determination of Dylan's appeal.

Respectfully submitted,

/s/ Netanel Newberger, Esq.
Joseph M. Labuda, Esq.
Netanel Newberger, Esq.

cc: -All counsel of record (via ECF)
-Client (via email)

Motion denied. Inadequate showing of likelihood of success. Defendant would not be harmed by a stay of the order compelling arbitration.

SO ORDERED.

LEWIS A. KAPLAN, USDJ

2/18/2020